# EXHIBIT A

F

## General Civil Case Filing Information Form (Non-Domestic)

**Court**
☒ Superior
☐ State

**County** Fulton

**Date Filed** _____
MM-DD-YYYY

**Docket #** 2012 CV 212/955

FILED IN OFFICE
JUL 17 2012
DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

**Plaintiff(s)**

Phoenix Air Group, Inc.
Last    First    Middle I. Suffix Prefix    Maiden

_____
Last    First    Middle I. Suffix Prefix    Maiden

_____
Last    First    Middle I. Suffix Prefix    Maiden

_____
Last    First    Middle I. Suffix Prefix    Maiden

**No. of Plaintiffs** 1

**Defendant(s)**

State Farm Mutual Automobile Insurance Company
Last    First    Middle I. Suffix Prefix    Maiden

_____
Last    First    Middle I. Suffix Prefix    Maiden

Baldwin, Synetra L.
Last    First    Middle I. Suffix Prefix    Maiden

_____
Last    First    Middle I. Suffix Prefix    Maiden

**No. of Defendants** 2

**Plaintiff/Petitioner's Attorney**    ☐ Pro Se

Tate, S Lester III
Last    First    Middle I.    Suffix

**Bar #** 698835

### Check Primary Type (Check only ONE)

☐ Contract/Account

☐ Wills/Estate

☐ Real Property

☐ Dispossessory/Distress

☐ Personal Property

☐ Equity

☐ Habeas Corpus

☐ Appeals, Reviews

☐ Post Judgment Garnishment, Attachment, or Other Relief

☐ Non-Domestic Contempt

☐ Tort (If tort, fill in right column)

☐ Other General Civil Specify _____
_____

### If Tort is Case Type:
(Check no more than TWO)

☐ Auto Accident

☐ Premises Liability

☐ Medical Malpractice

☐ Other Professional Negligence

☐ Product Liability

☐ Other Specify _____
_____

**Are Punitive Damages Pleaded?** ☐ Yes ☐ No

SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA



FILED IN OFFICE

JUL 17 2012

DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

PHOENIX AIR GROUP, INC.                    *
                                           *     CIVIL ACTION FILE NO.:
Plaintiff                                  *
                                           *     2012 CV2 17955
vs.                                        *
                                           *
STATE FARM MUTUAL AUTOMOBILE               *
INSURANCE COMPANY and                      *
SYNETRA L. BALDWIN,                        *
                                           *
Defendant.                                 *

## COMPLAINT FOR DECLARATORY JUDGMENT, DAMAGES, AND EQUITABLE RELIEF

NOW COMES Plaintiff, PHOENIX AIR GROUP, INC., and makes this Complaint for

Declaratory Judgment, and for other relief, and respectfully shows the Court the following:

### COUNT ONE—DECLARATORY JUDGMENT

1.

Plaintiff Phoenix Air Group, Inc., hereafter "Phoenix Air" is a Georgia corporation with

its principal offices, principal place of business, and registered agent located in Bartow County,

Georgia.

2.

Defendant State Farm Mutual Automobile Insurance Company, hereafter "State Farm" is

an Illinois corporation, licensed and authorized to do business in the State of Georgia.  It may be

served by serving its registered agent for service of process, Glenn Duggan, 108 Town Park

Drive, Kennesaw, Cobb County, Georgia 30144.

3.

Defendant Synetra Baldwin is domiciled within, and is a resident of, the State of Georgia. She may be served at the place of her residence, if she does not acknowledge service.

4.

Venue is proper in Fulton County, Georgia under O.C.G.A. Section 33-4-1 (2), as State Farm has numerous agents and places of doing business in said county.

5.

This Court has subject matter jurisdiction pursuant to O.C.G.A. Section 9-4-2.

6.

Each Defendant is subject to the personal jurisdiction of this Court and there is proper venue in this Court as to each Defendant.

7.

On or about September 1, 2008, Plaintiff Phoenix Air was a named insured under a policy of automobile liability insurance issued by Defendant State Farm being policy number 3701443-D01-11 insuring a number of vehicles, and covering a policy period from April 1, 2008 to October 1, 2008.

8.

The policy in question had a liability/bodily injury single limit of 1 million dollars.

9.

On or about August 17, 2010, Defendant Synetra Baldwin filed a law suit in the State Court of Fulton County, Georgia, styled Synetra Baldwin vs. Phoenix Air Group, Inc., Mitchell R. Todd and Shondra T. Tonyell, civil action number 10EV010728F.

10.

This suit alleged that Mitchell R. Todd negligently caused a collision in which Synetra Baldwin suffered personal injuries. Said suit further alleged that Mitchell R. Todd was in the

scope of his employment with Phoenix Air, and his negligence was therefore imputed to Phoenix Air.

11.

The vehicle which Mitchell R. Todd was driving at the time of the collision was one of the insured vehicles under the State Farm policy described above in paragraph 7.

12.

Phoenix Air and Mitchell Todd gave proper and timely notice of suit to State Farm as well as prompt notice of the collision which is the subject of Baldwin's suit.

13.

Phoenix Air has fully complied with all terms and conditions of the State Farm policy described above in Paragraph 7.

14.

State Farm undertook a defense of the law suit which Synetra Baldwin filed against Phoenix Air, described above in Paragraph 9.

15.

Prior to trial, Synetra Baldwin offered to settle the law suit against Phoenix Air and Mitchell Todd for less than the liability limits of the State Farm policy.

16.

On or about March 1, 2012 Phoenix Air sent a letter to State Farm demanding that State Farm protect Phoenix Air by settling the law suit within the liability limits of the policy in question. A true and correct copy of said writing to Louis McLendon, an employee of State Farm, is attached hereto as Exhibit "A".

17.

In response to the demand made by Phoenix Air, State Farm issued a letter dated March 5, 2012 to Phoenix Air.

18.

The March 5, 2012 letter in question was a so-called Excess Assurance Protection Letter, in which State Farm obligated itself to pay any sum by which any verdict in the law suit in question exceeded the 1 million limits of liability coverage. A true and correct copy of said letter is attached hereto as Exhibit "B".

19.

Specifically, one pertinent part of the March 5, 2012 protection letter provides as follows:

**... If the jury finds for the Plaintiff, you will not be responsible for any amount awarded at trial even if it exceeds the policy limits provided by this policy. (emphasis in the original)**

20.

An additional pertinent part of the letter assured Phoenix as follows:

**...you are fully protected from any monetary judgment which may be awarded at trial, regardless of amount.**

21.

During the week of March 5, 2012, the lawsuit of Synetra Baldwin against Phoenix Air was tried to a jury, during which time Phoenix Air was represented by attorney Louis McLendon, an employee of State Farm. On March 8 the jury rendered a verdict in favor of Synetra Baldwin and against Phoenix Air in excess of 3.8 million dollars.

22.

After the trial and verdict in the underlying case, Phoenix Air determined that it might have access to 10 million dollars of excess liability coverage through an obscure endorsement to

an aviation general liability policy issued by Global Aerospace, Inc. Phoenix Air then advised

the insurers, all parties and the Court as to the existence of this possible excess coverage.

23.

By letter dated July 6, 2012, State Farm has now disclaimed coverage under the Excess

Assurance Protection letter. A true and correct copy of said letter is attached hereto as Exhibit

"C".

24.

The July 6, 2012 letter provides in pertinent part as follows:

>    ...State Farm has no duty to pay, indemnify, or otherwise perform under
> the terms of the Excess Assurance Protection Letter.

25.

The July 6, 2012 letter further provides in pertinent part as follows:

>    State Farm hereby reserves any and all its rights and remedies that it may
> have under or with respect to the Excess Assurance Protection Letter, including
> the right to seek rescission, reformation, or any other form of relief with respect to
> that letter, including the right to deny all of coverage otherwise provided by the
> terms of that letter in its entirety.

26.

If State Farm evades its obligation to fully protect Phoenix Air from any monetary

judgment which may be awarded at trial, regardless of amount, as provided in the Excess

Assurance Protection Letter, Phoenix Air will be exposed to potential damages approaching or

even exceeding three million dollars.

27.

Plaintiff is uncertain and insecure with respect to its rights, status and legal relations with

State Farm regarding State Farm's obligations under the Excess Assurance Protection Letter.

28.

This case involves a matter of actual controversy involving the Parties.

29.

Plaintiff Phoenix Air is entitled to an order declaring that State Farm is obliged to provide insurance coverage in the full amount of the verdict rendered against Phoenix Air, as State Farm agreed to do in the Excess Assurance Protection Letter.

30.

Specifically, Plaintiff Phoenix Air is entitled to an order declaring that State Farm is responsible for any amount awarded at trial, even if it exceeds the policy limit provided by the policy, and requiring State Farm Automobile Insurance Company to fully protect Phoenix Air from any monetary award or judgment, regardless of amount.

COUNT TWO—FOR EQUITABLE RELIEF TO STAY UNDERLYING ACTION

31.

Plaintiff further apprehends that Defendant Synetra Baldwin may attempt to collect the judgment if it becomes final. Further, said Defendant is already attempting to undertake post-judgment discovery inquiring into the confidential and proprietary nature of the financial condition of Plaintiff Phoenix Air.

32.

Plaintiff is entitled to an interlocutory injunction in such form as the Court may deem necessary or appropriate, in order to stay the underlying action (namely the law suit described in paragraph 9 above) or in the alternative to stay any collection action or post judgment discovery by Defendant Synetra Baldwin until the controversy regarding coverage amount is resolved.

COUNT THREE—FOR EQUITABLE RELIEF REGARDING SUPERSEDEAS BOND

33.

Plaintiff also fears that it may be required to post a supersedeas bond in the amount of the verdict.

34.

Counsel for Plaintiff has stated that he intends to seek a supersedeas bond to be posted by Plaintiff Phoenix Air if this matter is appealed.

35.

The State Farm policy described above requires State Farm to pay for the cost of such a bond, as follows:

In addition to the limits of Liability, we will pay for an insured any costs listed below resulting from such accident.

...
...
3. Premiums or costs of bonds.
...
    b. required to appeal a decision in a suit for damages if we have not paid our limit of liability that applies to the suit; and ...The amount of any bond we pay for shall not be more than our limit of liability.
...

36.

State Farm has also now taken the position that it is not required to pay for a bond in excess of 1 million dollars.

37.

The Excess Assurance Protection Letter raises the policy limit, and Defendant State Farm should be required to pay for the bond up to the amount of the verdict, or in whatever amount the State Court requires.

38.

Plaintiff is in need of and entitled to have equitable relief, in the form of an interlocutory injunction, requiring Defendant State Farm to pay for the full cost of any supersedeas bond.

COUNT FOUR—FOR DAMAGES FOR BREACH OF EXCESS ASSURANCE
PROTECTION LETTER

39.

In the alternative, or in the event the Court does not order State Farm to pay for the full cost of the supersedeas bond, Plaintiff is entitled to damages against State Farm in an amount to be determined, for the cost of such bond, for State Farm's breach of the Excess Assurance Protection Letter.

40.

Further in the alternative, Plaintiff is entitled to have State Farm indemnify and hold Plaintiff harmless from any judgment issued in the underlying action for State Farm's breach of the Excess Assurance Protection Letter.

41.

Further, Plaintiff has had to employ attorneys to pursue its claims against State Farm as stated herein and is entitled to recover attorneys fess as part of its damages from State Farm.

42.

Plaintiffs are entitled to damages against State Farm in an amount to be proven at trial.

## COUNT FIVE—FOR ATTORNEY'S FEES

### 43.

The actions of Defendant State Farm, included but not limited to those described above herein, constitute bad faith under Georgia law.  Accordingly, Plaintiff is in need of and is entitled to recover attorney fees and expenses of litigation under O.C.G.A. Section 13-6-11.

### 44.

Further, Plaintiff is entitled to attorney fees in equity to afford Plaintiff complete relief under Georgia case law.

### 45.

Plaintiff specifically prays for an award of attorney fees under either or both of the above theories.

## COUNT SIX—RESERVATION OF OTHER REMEDIES

### 46.

Plaintiff has a claim or potential claim for damages against State Farm for bad faith and negligent failure to settle within the policy limits, as well as other matters related to the handling of this liability claim.  A ruling in favor of Phoenix, as requested above herein, may render those claims moot, provided State Farm is ordered to comply fully with the assurances it gave and ordered to pay the full amount of any final judgment.  However, to the extent such claim is required to be put at issue in this action, Plaintiff reserves the right to amend to fully assert all elements of said claim and its damages resulting from such negligent acts and omissions.

47.

Plaintiff also has a claim or potential claim for damages against State Farm based upon the professional negligence of State Farm's attorney employee who represented Phoenix Air in the underlying law suit. A ruling in favor of Phoenix, as requested above herein, may render those claims moot, provided State Farm is ordered to comply fully with the assurances it gave and ordered to pay the full amount of any final judgment. However, to the extent such claim is required to be put at issue in this action, Plaintiff reserves the right to amend to fully assert all elements of said claim and its damages resulting from such negligent acts and omissions.

48.

Pursuant to O.C.G.A. Section 9-11-9.1, Plaintiff attaches an affidavit of an attorney, licensed to practice in the State of Georgia and competent to testify which affidavit sets forth specifically at least one negligent act or omission committed by Louis McClendon, defense attorney and employee of State Farm, and the factual basis for each such claim.

WHEREFORE, Plaintiff prays as follows:

(a)    That Rule Nisi issue, setting the time and date certain for a hearing on the injunctive relief now sought;

(b)    That process issue and the Defendants be served according to law;

(c)    On Count One, that the Court grant declaratory judgment in favor Plaintiff, declaring that Defendant State Farm is obliged to perform fully under the Excess Assurance Protection Letter up to the amount of the verdict, plus interest and costs, in the underlying action;

(d)    Under Count Two, that interlocutory injunction issue, staying the underlying litigation (case number 10EV010728F, State Court of Fulton County, Georgia) until the Court can issue a ruling on the declaratory judgment count of this Complaint

(e)     In the alternative, under Count Two, that interlocutory injunction issue restraining and enjoining Synetra Baldwin from undertaking collection efforts against Phoenix Air and from engaging in post judgment discovery;

(f)     Under Count Three, that interlocutory injunction issue requiring Defendant State Farm to pay for supersedeas bond in such amount as the State court requires;

(g)     In the alternative, under Count Four that Plaintiff have damages against State Farm for its failure to pay for the supersedeas bond;

(h)     That Plaintiff have judgment against State Farm for such amount as Plaintiff may prove, under Count Four, for State Farm's breach of the Excess Assurance Protection Letter;

(i)     That Plaintiff have attorney fees and expenses of litigation under Count Five; and

(j)     That Plaintiff have such relief as the Court may deem equitable or proper in this matter.

This _16_ day of July, 2012.


WM. MORGAN AKIN
Ga. Bar No.:  006450
Attorney for Plaintiff


S. LESTER TATE, III
Ga. Bar No.:  698835
Attorney for Plaintiff

AKIN & TATE PC
P.O. Box 878
Cartersville, Georgia 30120
770-382-0780

COPY



# Phoenix Air

**Phoenix Air Group, Inc.**
WORLDWIDE AIRCRAFT SERVICES

100 Phoenix Air Drive, Cartersville, GA 30120 USA
TEL: 770-387-2000, x109   FAX: 770-386-3053
E-Mail Address: cwilson@phoenixair.com
Website: www.phoenixair.com





| | | | |
|---|---|---|---|
| **To:** | Louis McLendon, II, Esq. | **From:** | Randall H. Davis |
| **Fax:** | 404-728-5555 | **Pages:** | 2 |
| **Phone:** | 404-728-5400 | **Date:** | March 1, 2012 |
| **Re:** | Claim #11-7039-013 | **CC:** | Dent M. Thompson |

**Urgent**      **For Review**      **Please Comment**      **Please Reply**      **Please Recycle**

The following information contained in this facsimile is privileged and/or confidential information intended only for the use of the individual or entity to whom it is addressed. You are hereby notified that any dissemination, distribution or copying of this communication or the information contained herein is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return this facsimile to us at the above address via U.S. Postal Service.
If any part of this transmission is unreadable please call and ask someone to re-send.

Louis:  Thank you for your calls of yesterday and today in regard to this matter, which we understand is now No. 1 with your assigned Judge in Fulton State Court for this Monday, March 5, 2012.

As discussed, I will be out of town next week on a prior commitment.  However, you should be able to contact me at almost any time by phoning 770-387-7000.

In my absence, Mr. Dent Thompson of this office is planning to be present in court as your company rep, if you request him to be there.  In this regard, you should contact Mr. Thompson by tomorrow at 770-387-2000, ext. 106, or on his cell 404-357-2900, in order to confirm that the case has not settled and that he needs to be in attendance.  You will also need to advise Mr. Thompson as to exactly when and where he should meet you on Monday, March 5, or whenever you wish to meet with him.  It is important that you contact Mr. Thompson by tomorrow if you expect for him to be present at any appointed time and place on Monday.

This will also confirm our understanding that a demand for settlement has at least been informally received from the Plaintiff's counsel, and that such demand does not exceed the available $1M single limit of our applicable liability insurance policy.  Accordingly, it is the position and demand of Phoenix Air, as the primary insured here, that State Farm settle this case for an amount within the policy limits and obtain full releases for our company and our employee, both of whom are named defendants in this civil action.  We also wish for State Farm to take all necessary action to see to it that there is no uninsured exposure left to Phoenix Air and its employee in this matter.  We trust that you will kindly forward to your State Farm Claims Manager, on this file, that this demand has been made by the insureds.

Please respond to this email, confirming receipt.

Thank you for your attention to this matter.



"A"

March 1, 2012

Best regards.  Randy Davis

**Randall H. Davis**
V.P. & General Counsel
Phoenix Air Group, Inc.

Tel. 770-387-2000, Ext 107
Fax. 770-386-3053

The Phoenix Building          randy.davis@phoenixair.com
100 Phoenix Air Dr.
Cartersville, GA 30120        **www.phoenixair.com**

*Note: This message and any attachments is from the offices of Randall H. Davis, V.P. & Gen.*
*Counsel of Phoenix Air Group, Inc., and is intended only for the personal use of the*
*recipient(s) named above.  It may contain CONFIDENTIAL and legally protected information,*
*including attorney/ client communications and attorney work product. If you are not the*
*addressee and an intended recipient, please do not read, copy, use or disclose this*
*communication to others; also, please notify the sender by replying to this message, and then*
*delete it from your system. Thank you.*



**State Farm®**
Providing Insurance and Financial Services
Home Office, Bloomington, Illinois 61710

March 5, 2012

PHOENIX AIR GROUP INC
AIRVPC AIR INC
100 PHOENIX AIR DR SW
CARTERSVILLE GA 30120-6896

Augusta Operations Center
PO Box 10003
Duluth, GA 30096-9403
706 447 6000
866 852 8774



RE:   Named Insured:   Phoenix Air Group, Inc.
      Policy Number:   0946-619-11, car number 16
      Claim Number:   11-7039-013
      Date of Loss:   September 1, 2008
      Lawsuit Caption:   Synetra L. Baldwin v. Phoenix Air Group, Inc.,
                         Mitchell R. Todd & Shondra T. Harris
      Plaintiff:   Synetra L. Baldwin

Dear Phoenix Air Group, Inc.:

This letter is to advise you of recent developments in the lawsuit filed against you by the above plaintiff. As you are aware, we are defending the lawsuit with an attorney chosen and paid by State Farm Mutual Automobile Insurance Company. In addition to paying the cost of defending the lawsuit, the policy of insurance listed above includes liability coverage in the amount of $1,000,000 inclusive.

We have offered $20,000 to settle the claim. Our offer has not been accepted and the plaintiff intends to proceed to trial seeking to recover a higher amount.

We believe our decision not to settle is correct. However, we also recognize you may be concerned about a judgment in an amount above your available insurance coverage. Since we decided not to accept the plaintiff's settlement offer, in the event the case does not settle sometime in the future and is tried to judgment, State Farm Mutual Automobile Insurance Company will protect you from any monetary award. **If the jury finds for the plaintiff, you will not be responsible for any amount awarded at trial even if it exceeds the policy limit provided by this policy.** The Company reserves the right to seek post-trial relief from any judgment, including appeal and re-trial if necessary.

In exchange for our promise to protect you from any monetary award, you must comply with the cooperation clause of your policy, and fulfill all policy duties and conditions, throughout the entire claim process.



PHOENIX AIR GROUP INC
11-7039-013
Page 2

We are pleased to offer you this assurance of protection before trial. Should the case actually be tried, provided you comply with the conditions indicated above, you are fully protected from any monetary judgment which may be awarded at trial, regardless of amount.

If you have any questions about this letter or the lawsuit, please contact the undersigned.

Sincerely,

*Monica L. Proctor*

Monica L. Proctor
Team Manager
866 527 4120 ext 447 6041
State Farm Mutual Automobile Insurance Company

24/427/638305

cc:    ATTORNEY LOUIS MCLENDON



State Farm General Insurance Company

July 6, 2012



JUL 11 2012

**CERTIFIED MAIL-
RETURN RECEIPT REQUESTED**

PHOENIX AIR GROUP INC
AIRVPC INC
100 PHOENIX AIR DR SW
CARTERSVILLE GA 30120-6896
c/o Randall H. Davis, VP & General Counsel

RE:    Named Insured:        Phoenix Air Group, Inc.
       Date of Loss:         September 1, 2008
       Claim Number:         11-7039-013
       Policy Number:        0946-619-11 (the "Policy")
       Lawsuit Caption:      *Synetra L. Baldwin v. Phoenix Air Group, Inc., Mitchell R.
                             Todd & Shondra T. Harris* in the State Court of Fulton
                             County
       Plaintiff:            Synetra L. Baldwin

Dear Sir or Madam:

State Farm Mutual Automobile Insurance Company ("State Farm") has previously undertaken the defense of Phoenix Air Group, Inc. ("Phoenix") in the above-referenced lawsuit under the terms of its Policy.

State Farm also issued an Excess Assurance Protection Letter to Phoenix on March 5, 2012, in reliance upon the express representation by Phoenix that it had no other excess or umbrella insurance policies that might provide coverage for the claims asserted in the lawsuit.

It is now apparent that Phoenix had previously purchased an excess or umbrella policy from Global Aerospace, Inc. ("Global") with $10,000,000 in policy limits and failed to disclose this information to State Farm. Had State Farm known of the existence of the Global policy, it would never have issued the Excess Assurance Protection Letter in the form that it did. As a result of the failure to disclose the existence of the Global policy, and the breach by Phoenix of the terms of the Policy and the Excess Assurance Protection Letter, State Farm has no duty to pay, indemnify, or otherwise perform under terms of the Excess Assurance Protection Letter.

Specifically, we believe that Phoenix has breached its duties under the following terms of the Policy including, but not limited to, paragraph 2 of the section of the Policy entitled "Notice to Us of Claim or Suit" which provides in part: "[t]hat insured also shall answer questions under oath when asked by anyone we name, as often as we reasonably ask, and sign copies of the answers" and paragraph 5 of the section of the Policy entitled "Reporting a Claim – Insured's Duties," which provides as follows:  "[t]he insured shall cooperate with [State Farm] and, when asked, assist [State Farm] in: ... securing and giving evidence ..." and further breached that provision of the Excess Assurance Protection Letter which requires Phoenix to "comply with the cooperation clause of your policy, and fulfill all policy duties and conditions throughout the entire claims process."

For these reasons and for any other reasons that may subsequently become known, State Farm hereby reserves any and all its rights and remedies that it may have under or with respect to the Excess Assurance Protection Letter, including the right to seek rescission, reformation, or any other form of relief with respect to that letter, including the right to deny all coverage otherwise provided by the terms of that letter in its entirety.

If you have any information or materials that may aid in the analysis of your claim for coverage under the Excess Assurance Protection Letter, please provide it to us as soon as possible.

Any action taken by State Farm, or any of its authorized representatives to investigate, evaluate, pay, defend or otherwise adjust the above-referenced claim, shall not waive any terms or conditions of the Policy or the Excess Assurance Protection Letter, nor shall any such actions waive any of our other rights.

State Farm does not intend, by this letter, to waive any Policy defenses or defenses to the Excess Assurance Protection Letter not stated above, but specifically reserves its right to assert such additional defenses at any time.

If you have questions regarding this letter, please contact me at 770-418-5555.

Sincerely,

Jena Settles, CPCU©CLU©
Claims Team Manager
State Farm Mutual Insurance Company


Copy:   Lester Tate, Esq.
        Russell Waldon, Esq.
        Bill Custer, Esq.

SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

PHOENIX AIR GROUP, INC.          *
                                 *    CIVIL ACTION FILE NO.:
Plaintiff                        *
                                 *
vs.                              *
                                 *
STATE FARM MUTUAL AUTOMOBILE     *
INSURANCE COMPANY and            *
SYNETRA L. BALDWIN,              *
                                 *
Defendant.                       *

### AFFIDAVIT OF JEFFREY M. HOOD

STATE OF GEORGIA;
COUNTY OF BARTOW:

Personally appeared before the undersigned officer, duly authorized by law to

administer oaths, came Jeffrey M. Hood, who, after having been duly sworn, and deposes and

states on oath as follows:

1.

My name is Jeffrey M. Hood.  I am over the age of twenty-one, and I am

competent to testify to the facts stated herein.

2.

I am an attorney with the law firm of Brunt & Hood, LLC. 428 North Wall Street,

Calhoun, Georgia, 30701.

3.

I am an active member of the State Bar of Georgia in good standing, and have been



licensed to practice law in the State of Georgia since October, 1999.   In fact, I have been an

attorney, practicing law full time since that date.

4.

My educational background is as follows: Bachelor's Degree in Risk Management

and Insurance from the University of Georgia, and a Juris Doctor  from the School of Law at the

University of Georgia.

5.

I have been designated as an expert witness on behalf of the Plaintiff named above,

and I intend to testify at the trial of this case.  The affidavit is based on my personal knowledge

and training, as well as on a review of documents and information described below.

6.

Currently, I am in the general practice of law and practice primarily in the

following areas:  personal injury for Plaintiffs and Defendants.

7.

Previously, from the period of time approximately October, 1999 through April,

2005, I was an attorney with the firm of Jenkins & Olson, P.C., and I practiced primarily in the

area of defense of tort litigation and other litigation, being employed by insurance companies to

represent defendants in those cases.

8.

Prior to rendering certain opinions which will hereafter be set forth in connection

with giving this affidavit, I have reviewed the following documents regarding the case of Synetra

L. Baldwin vs. Phoenix Air Group, Inc., et al, Civil Action No.:  10EV-010728-F, State Court of

Fulton County, Georgia:  a) post trial report prepared by Louis L. McLendon, attorney, dated

March 21, 2012; b) the trial transcript from that trial, pages 209 through 222; c) records online from the Georgia Secretary of State's office; d) the Complaint.

9.

Phoenix Air Group, Inc., is a Georgia corporation, formed in 1985, with its principal office and place of business located at 100 Phoenix Air Drive SW, Cartersville, Bartow County, Georgia, and with its registered agent being Randall H. Davis at said address. All of the annual registrations are not available for viewing online, but it appears that since at least the year 2007 and probably since 1999 or 2000, the principal office and registered agent have been the same as stated above herein. I have verified that Phoenix Air has no office in Fulton County, Georgia.

10.

In Civil Action 10EV-010728-F, State Court of Fulton County, Georgia, Synetra L. Baldwin sued Phoenix Air, Inc., Mitchell R. Todd, and Shondra T. Tonyell, for personal injuries. The Complaint alleges that Phoenix Air Group, Inc., is a Georgia corporation located at 100 Phoenix Air Drive SW, Cartersville, Bartow County, Georgia, and that service may be perfected on Phoenix's registered agent, Randall H. Davis at said address.

11.

The Complaint alleges that Mitchell R. Todd lives in Bartow County, Georgia.

12.

The Complaint alleges that Shondra Toynell/Harris resides in Fulton County, Georgia.

13.

Although the Complaint merely alleges that venue and jurisdiction are proper in

the State Court of Fulton County, without explanation, it is apparent that the three defendants

were sued as joint tortfeasors in the county of residence of Defendant Harris, pursuant to

O.C.G.A. Section 9-10-31 and Article 6 Section 2 paragraph 4 of the Constitution of the State of

Georgia.

14.

Prior to trial, Plaintiff moved to dismiss Defendant Mitchell Todd and he was so

dismissed.

15.

Defendant Harris was in default and was Pro Se.  After Voir Dire, Plaintiff moved

to dismiss Defendant Harris from the action, which was granted.  When Ms. Harris was

dismissed as a Defendant, that left Phoenix Air Group, Inc., as the sole defendant.  As stated

above, its principal office and place of business and registered agent were all located in Bartow

County, Georgia.  Accordingly, Phoenix Air Group, Inc., had an absolute right pursuant to

O.C.G.A. Section  9-10-31(d) to require the transfer of the case to the Superior Court of Bartow

County, Georgia.

16.

It is apparent from the trial transcript and the trial report that Louis McLendon,

defense counsel did not move to transfer the case to Bartow County.

17.

I have confirmed by speaking with Dent Thompson, a representative of Phoenix

Air who attended the trial, that defense counsel Louis McLendon did not discuss with Thompson

or any other representative of Phoenix Air its option to have the case transferred to the Superior

Court of Bartow County, Georgia.

18.

It is my opinion, within a reasonable degree of legal probability, that Louis McLendon was negligent and breached the standard of care in failing to discuss with his client the fact that the client had an absolute right, under Georgia law, to require that the case be transferred from the State Court of Fulton County, Georgia to the Superior Court of Bartow County, Georgia. Louis McLendon was further negligent, and breached the standard of care, in failing to discuss with his client the reputations of the two counties in question regarding their reputations for verdicts, so that the client could make an informed decision.

19.

The right to be tried in the county of one's residence is a long standing principle of Georgia law, embedded in its constitution in Article 6, Section 2, Paragraph 6.

20.

In addition to having committed negligence in failing to discuss with the client its option to have the case transferred, it is my opinion, within a reasonable degree of legal probability, that Louis McLendon was negligent and breached the standard of care in failing to move to transfer the case to the Superior Court of Bartow County, Georgia. That venue is known by reputation to be a very conservative venue for personal injury verdicts, in contrast to the State Court of Fulton County, Georgia, which has a reputation of being a more liberal venue for personal injury verdicts.

21.

The post-trial report shows that Louis McLendon is an employee of the corporate law department of State Farm Mutual Automobile Insurance Company.

22.

It is my opinion, within a reasonable degree of legal probability, that an insurance company such as State Farm, in assigning its own employee to defend Phoenix Air Group, Inc., rather than employing an independent attorney, creates an irreconcilable conflict of interest between his employer (State Farm) and the insured (Phoenix Air).

23.

My opinions stated herein are based on the factual summary set forth herein and the records I previously referenced. I reserve the right to modify or change any opinion in the event any additional or different information is presented to me at a later time. Moreover, the opinions stated in this Affidavit may not constitute all of the opinions I may hold in this matter, and this Affidavit is not an attempt to set forth comprehensively each and every opinion that I may hold.

24.

I am aware that this Affidavit is to be used by the Plaintiff to be filed along with the above styled action.

FURTHER AFFIANT SAYETH NOT.

JEFFREY M. HOOD

Sworn to and subscribed
before me this 16th day
of July, 2012.

NOTARY PUBLIC

SUMMONS

IN THE ~~SUPERIOR~~/STATE COURT OF _Fulton_____ COUNTY

## STATE OF GEORGIA

_Phoenix Air Group, Inc._      CIVIL ACTION
                              NUMBER _2012CV217955_

_____

PLAINTIFF

VS.

_State Farm Mutual Automobile Ins Co and_
_Synetra L. Baldwin_

_____

DEFENDANT

## SUMMONS

TO THE ABOVE NAMED DEFENDANT: _State Farm Mutual Automobile Ins. Co_

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

_S. Lester Tate, III_
_Akin & Tate PC_
_PO Box 878_
_Cartersville GA 30120_

an answer to the complaint which is herewith served you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _19_ day of _July_____, 20 _12_.

Clerk of ~~Superior~~/State Court

BY _____
                              Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

ARCO IDEAS & DESIGN • 770-386-2799